## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE


Matthew L. Priestley

    v.                                Civil No. 14-cv-148-JL

Tracy Newlin and Carroll County
Department of Corrections


### REPORT AND RECOMMENDATION

Before the court is the motion (doc. no. 47) filed by
defendants, Tracy Newlin and Carroll County Department of
Corrections ("CCDC"), seeking dismissal of plaintiff's claims as
a discovery sanction, pursuant to Fed. R. Civ. P. 37(b)(2).  Pro
se plaintiff, Matthew Priestley, objects.  See Response (doc.
no. 48).  The motion, to the extent it seeks dismissal, has been
referred to this magistrate judge for a report and
recommendation.  See LR 72.1.


### Background

Newlin served interrogatories on plaintiff in October 2014,
and CCDC, represented by the same counsel, served a set of
interrogatories on plaintiff in December 2014.  Plaintiff, who
is litigating this action pro se, did not respond to either set
of interrogatories, and did not respond to several letters from

defense counsel requesting such responses, leading defendants to
file a motion to compel responses (doc. no. 24), in January
2015.

While defendants' motion to compel was pending, plaintiff
moved to extend the deadline for his discovery responses (doc.
no. 29).  Plaintiff explained that he had only recently received
the interrogatories and had difficulty obtaining medical records
as necessary to compile a response, while incarcerated.
Subsequent filings indicate that plaintiff had been in a
residential treatment facility for mental health issues in
November/December 2014 and could not receive mail during that
time, prior to his re-incarceration in January 2015.  See Doc.
No. 33.

This court granted the motion to extend time and
simultaneously granted defendants' motion to compel in part, to
the extent that the court directed plaintiff to serve defendants
with his answers and objections to the interrogatories by a
March 2015 deadline.  See Feb. 13, 2015, Order (granting motion
to extend time and granting in part motion to compel).  The
court further extended that deadline.  See Mar. 17, 2015, Order.
Plaintiff served responses upon defense counsel by in March
2015, prior to the expiration of the deadline set by the court.

Defendants filed their motion for dismissal as a discovery sanction in July 2015, after the June 26, 2015, deadline for discovery passed.  Defendants contend that the answers served upon them by plaintiff in March 2015 are incomplete in the respects identified in defendants' motion, that plaintiff did not provided a notarized signature on his responses, and that plaintiff has not attempted to supplement his responses where he has indicated in his answers that he would attempt to do so. Defendants seek dismissal of all claims, with prejudice, as a sanction.

### Standard

> Pursuant to Fed. R. Civ. P. 37(b)(2)(A), a Court may impose a sanction if a party fails to obey a discovery order.  One possible sanction is "dismissing [an] action or proceeding in whole or in part."  The decision as to whether discovery sanctions are warranted and the choice of what sanctions should be imposed are matters within the sound discretion of the trial court. . . . Imposing the sanction of dismissal under Rule 37(b) necessitates considering and balancing all of the "pertinent circumstances."

Zhuang v. Saquet, 303 F.R.D. 4, 7 (D. Mass. 2014) (citations omitted).

One pertinent circumstance here is that the "discovery order" at issue was not intended to trigger any of the listed Rule 37(b)(2) sanctions as a penalty for non-compliance.  The

"discovery order" at issue in this case is in the nature of an
order granting an extension of time to file discovery responses,
rather than an order potentially warranting dismissal as a
sanction for simple, partial noncompliance.  In allowing
plaintiff an opportunity to assert objections as well as
answers, the court in its February 13 Order anticipated that
after plaintiff served a response, defense counsel would attempt
to meet and confer with plaintiff to resolve or reduce any
discovery issues before filing further discovery motions.  The
record does not indicate, however, that the parties have
conferred at all with respect to the interrogatories at issue
since March 3, 2015, when plaintiff served his responses on
defense counsel.

Defendants assert that they have been prejudiced by
plaintiff's failure to respond completely to the interrogatories
at issue, in light of the upcoming trial.  The court notes,
however, that plaintiff served his answers in March 2015, the
discovery period ended on June 26, 2015, and defendants did not
file their motion until July 2015.  The imminence of the trial
is partly attributable to the time that passed between March and
July 2015.  Extensions of the discovery period and trial dates
may be granted to reduce the risk of unfair prejudice to

defendants.

In the interest of narrowing the issues and avoiding unnecessary rebriefing, the court notes that, as to Newlin's interrogatories, defendants have failed to show that plaintiff did not respond completely to Interrogatory No. 7; that defendants have not responded adequately to plaintiff's assertion of privilege, in the form of third party privacy rights, with respect to information sought in Interrogatory No. 8; and as to Interrogatory No. 11, plaintiff provided a partial response to the same interrogatory in his responses to interrogatories propounded by CCDC.  Defendants have accurately characterized plaintiff's responses to Newlin's Interrogatories as incomplete, and plaintiff remains under a duty to supplement his answers, with respect to:

- Interrogatory No. 2, plaintiff did not describe the contents of his conversations/correspondence with Newlin;

- Interrogatory Nos. 4, 10, and 15, plaintiff did not provide all medical records or adequately describe those records;

- Interrogatory No. 5, plaintiff did not provide any information about physical assaults (although some

information about such assaults was provided in
response to the CCDC interrogatories); and

- Interrogatory Nos. 9, 13, and 14, plaintiff did not
provide any responsive information regarding his
criminal record and his disciplinary record while
incarcerated.

As to the CCDC interrogatories, defendants have not
responded to plaintiff's assertion of privilege, in the form of
third party privacy rights, with respect to information sought
in Interrogatory No. 7.  Defendants have accurately
characterized as incomplete plaintiff's responses to CCDC
Interrogatory Nos. 4-6, and 8, and plaintiff remains under a
duty to supplement his answers to those interrogatories.
Plaintiff's somewhat confusing response to Interrogatory No. 3
may result from his lack of legal training, and it is
anticipated that further correspondence between the parties on
this interrogatory may resolve issues relating to it.  Where
this Report and Recommendation provides plaintiff with the first
notice issued by this court regarding specific deficiencies in
his responses to the interrogatories at issue, dismissal as a
sanction for plaintiff's incomplete discovery responses is not
an appropriate sanction.

## Conclusion

For the foregoing reasons, the district judge should deny the motion to dismiss plaintiff's claims (doc. no. 47), without prejudice to defendants' ability to file a motion to compel more complete responses to discovery, as appropriate, after counsel certifies that he has attempted in good faith to resolve the discovery dispute.  Plaintiff is reminded of his obligations to answer each interrogatory completely, to put a notarized signature on his responses, and to supplement his responses as appropriate.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 20, 2015

cc:  Matthew L. Priestley, pro se
     John A. Curran, Esq.