**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Matthew L. Priestley

    v.                                         Civil No. 14-cv-148-JL

Tracy Newlin, Carroll County
Department of Corrections, Joshua
Duguay, and Michael Baker

**REPORT AND RECOMMENDATION**

Pro se plaintiff Matthew Priestley has asserted claims under both federal and state law based on allegations that while he was a pretrial detainee, he was sexually assaulted by Tracy Newlin, a corrections officer employed by the Carroll County Department of Corrections ("CCDC"). This court's March 22, 2016, Report and Recommendation ("R&R") (doc. no. 80) addressed dispositive motions (doc. nos. 72 and 59) filed by defendants Newlin and the CCDC and recommended, in pertinent part, that the CCDC's motion for summary judgment (doc. no. 59), be granted in part and denied in part. The district judge's April 5, 2016, Order directs the undersigned magistrate judge to treat the CCDC's objection to that R&R as a motion to reconsider that R&R, in light of arguments and supplemental materials filed by the CCDC, see Doc. Nos. 81, 83, and 83-1. In an Order issued this date, this court has vacated the March 22 R&R (doc. no. 80).

This new R&R replaces the March 22 R&R (doc. no. 80).

## Background

The facts alleged by plaintiff include the following. During his pretrial detention, Priestley filed a grievance against Newlin.  See Pl.'s Mot. to Am. (doc. no. 10), at 2. After Newlin learned that Priestley had filed a grievance against him, Priestley alleges, Newlin entered Priestley's cell and ordered him to strip for a search and to face the wall of his cell.  See id.  Once Priestly was unclothed, Priestley alleges, Newlin ordered him to bend over and cough, which Priestley did.  Priestley alleges that Newlin then squeezed Priestley's testicles, and penetrated his anus, causing bleeding.  See id.  When Priestley turned around, Priestley alleges, he saw Newlin leaving his cell, saying that he wanted to show Priestley "how it feels to get f--ked" because Priestley had tried to "f--k" Newlin out of his job.  Id. at 3.  Priestley further alleges that when "Nurse Sue" came around for medications, Priestley complained about the bleeding without explaining what had happened with Newlin, and the nurse gave him medicated wipes.  Id.  About a week later, Priestley was transferred to the Strafford County Department of Corrections. Id.

The court has allowed state law tort and federal constitutional claims to proceed in this action against both the CCDC and Newlin.  Those claims are summarized as follows:

> 1.   CCDC Sgt. Newlin sexually assaulted Priestley, while Priestley was a pretrial detainee, in retaliation for Priestley's filing of grievances:
>
>> A.   rendering Newlin and his employer, the CCDC, directly and vicariously liable, respectively, for the state law intentional tort of battery, in that Newlin (i) squeezed Priestley's genitals, and (ii) penetrated Priestley's anus, causing injuries;
>>
>> B.   violating Priestley's Fourteenth Amendment right to be free from the use of excessive force amounting to punishment while in pretrial detention; and
>>
>> C.   violating Priestley's First Amendment right to petition the government for redress of grievances.

See Oct. 7, 2014, Order (doc. no. 21).  The intentional tort claim summarized as Claim 1(A) above is asserted against both Newlin and the CCDC, with the CCDC's liability being based only on a theory of respondeat superior.  The remaining claims, arising under 42 U.S.C. § 1983, are asserted against Newlin in his individual capacity, and are not asserted against the CCDC.

## Discussion

### I.   CCDC's Motion for Summary Judgment

In support of its motion for summary judgment (doc. no.

3

59), the CCDC argues that, either: (1) the CCDC is not subject
to vicarious liability for Newlin's conduct; or (2) the CCDC is
entitled to immunity under state law, pursuant to N.H. Rev.
Stat. Ann. ("RSA") § 507-B:5.  Priestley objects.

>  A.    Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that
there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law."  Fed. R.
Civ. P. 56(a); Santangelo v. N.Y. Life Ins. Co., 785 F.3d 65, 68
(1st Cir. 2015).  "A genuine issue is one that can be resolved
in favor of either party and a material fact is one which has
the potential of affecting the outcome of the case."  Gerald v.
Univ. of P.R., 707 F.3d 7, 16 (1st Cir. 2013) (citation
omitted).  In deciding a motion for summary judgment, the court
draws all reasonable factual inferences in favor of the
nonmovant.  See Kenney v. Floyd, 700 F.3d 604, 608 (1st Cir.
2012).

>  B.    Vicarious Liability

Under state law, the employer may be vicariously liable for
intentional torts if the employee officer was acting within the
scope of his or her employment when she or he engaged in the
tortious acts.  See Daigle v. City of Portsmouth, 129 N.H. 561,
580-81, 534 A.2d 689, 699-700 (1987); see also Tessier v.

Rockefeller, 162 N.H. 324, 342-43, 33 A.3d 1118, 1132 (2011).

> An act is within the scope of employment under New
> Hampshire law if it was authorized by the employer or
> incidental to authorized duties; if it was done within the
> time and space limits of the employment; and if it was
> actuated at least in part by a purpose to serve an
> objective of the employer.  The conduct is not within the
> scope of employment if it was "different in kind from that
> authorized, far beyond the authorized time or space limits,
> or too little actuated by a purpose to serve the master."

Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996)

(emphasis added) (citations omitted); see also Tessier, 162 N.H.

at 342-43, 33 A.2d at 1132.

Here, the CCDC argues that, assuming the truth of

plaintiff's accusations that Newlin assaulted plaintiff in the

manner alleged, then, as a matter of law, Newlin's actions were

outside the scope of his employment, and CCDC is not vicariously

liable for those actions.  The pertinent allegations, taken as

true, include Newlin's order that Priestley submit to a strip

search in his CCDC cell, and Newlin's intentional acts of

squeezing Priestley's testicles and penetrating Priestley's

anus, followed by Newlin's remark about showing Priestley what

it feels like to be "f—cked."

The facts alleged concerning Newlin's intentional acts, if

true, give rise to Newlin's liability for two, separable

intentional torts under state law.  See, e.g., Silva v. Warden,

150 N.H. 372, 374, 839 A.2d 4, 6 (2003) (corrections officer who

assaulted inmate by intentionally grabbing his genitals in slow,
humiliating manner, during searches, causing emotional injuries,
is liable for intentional tort).  Cf. Pl.'s Ans. to Interrog.
No. 3 (doc. no. 47-1), at 3 (describing penetration and
squeezing as separate assaults).

Plaintiff has alleged no facts suggesting that the alleged
penetration of his anus was an act within Newlin's scope of
employment.  Nothing in the complaint demonstrates that this
alleged act would serve the CCDC's objectives in any respect.
This is particularly true in light of plaintiff's allegation
that Newlin capped off the incident with a remark that could
show a malicious or sadistic and personal retaliatory motive for
that act.  Accordingly, summary judgment is properly granted in
favor of the CCDC, with respect to the anal penetration tort
claim (Claim 1(A)(ii)), as the facts alleged, taken as true,
describe conduct that, under the circumstances, fails to give
rise to the CCDC's vicarious liability as Newlin's employer.
Aversa, 99 F.3d at 1210 (citation omitted).

Newlin's squeezing of Priestley's testicles, in the manner
described by plaintiff, however, warrants separate
consideration.  Under New Hampshire law, an employee's
intentionally tortious act, while not authorized, may
"nonetheless have been within the scope of employment if it was

6

'incidental to authorized duties,'" id. at 1211 (citations

omitted).  To show that an assault involving excessive force was

incidental to authorized duties, New Hampshire cases have

required three facts to be established:

> (1) the employer authorized or could foresee that the
> employee would use a reasonable degree of force as a means
> of carrying out an authorized duty; (2) the employee used
> excessive force, although wrongly, as a means of
> accomplishing an authorized duty; and (3) the employee's
> purpose was, at least in part, to carry out an authorized
> duty.

Id.

In support of its argument that Newlin's conduct in

squeezing his testicles was outside the scope of his duties, the

CCDC offers a declaration of CCDC Superintendent Jason Henry,

see doc. no. 83-1, in which Henry states that as a matter of

policy and practice, CCDC officers conducting strip searches do

not have any physical contact with inmates during unclothed

searches, and only "cursory contact" with an inmate's genitals

through clothes, when a pat-down search is done.  See id. ¶¶ 2-

3.  CCDC corrections officers conducting strip searches, as a

matter of practice and policy, have no contact with the inmates'

genitals; rather, the unclothed inmate is instructed to lift his

own testicles and to squat and cough, to ensure that there is no

contraband concealed by the inmate's genitals or hidden within

the anal canal.  Id. at ¶ 3.  Henry states that there is no

7

security reason for any officer to manipulate or have manual

contact with an inmate's testicles during a strip search.

Priestley has offered no evidence to refute the description

of CCDC search policies and practices, or to show that Newlin's

squeezing of his genitals could have had any security purpose.

The record does not show that there is a genuine factual issue

as to whether any direct manipulation of Priestley's testicles,

as alleged, was incidental to Newlin's authorized duties.  Put

differently, Newlin's squeezing Priestley's scrotum was so

"different in kind from . . . authorized [contact], [so] far

beyond the authorized time or space limits, or too little

actuated" by an intent to serve CCDC's interests, that Newlin's

alleged actions must be deemed to have been outside the scope of

Newlin's employment.  Accordingly, the district judge should

grant the CCDC's motion for summary judgment (doc. no. 59) as to

Claims 1(A)(i) and 1(A)(ii).

## II.  Newlin's Motion for Judgment on the Pleadings

Newlin's motion for judgment on the pleadings (doc. no. 72)

is based on the argument that Priestley's failure to pinpoint

the date of the claimed assault entitles Newlin to judgment on

all three of Priestley's claims against him.  "A motion for

judgment on the pleadings is treated much like a Rule 12(b)(6)

motion to dismiss."  Pérez-Acevedo v. Rivero-Cubano, 520 F.3d

26, 29 (1st Cir. 2008).  When considering such a motion, a trial

court must "accept as true all well-pleaded facts in the

complaint and draw all reasonable inferences in the pleader's

favor."  Guerra-Delgado v. Popular, Inc., 774 F.3d 776, 780 (1st

Cir. 2014), cert. denied, 135 S. Ct. 2380 (2015).  The

"complaint must contain enough factual material to raise a right

to relief above the speculative level" and state a claim to

relief.  Id. (citation omitted).

This court conducted its preliminary review of the

complaint, and previously determined that plaintiff's pleadings

stated claims against Newlin upon which relief could be granted.

See Oct. 7, 2014, Order (doc. no. 21).  The pleadings and

subsequent filings in this case set forth specific facts

regarding the location of the incident at issue, the approximate

date when it occurred, and what is alleged to have transpired.

See, e.g., Doc. No. 10; Doc. No. 24-2.  Moreover, Newlin

concedes, Priestley has alleged facts and provided discovery

responses that have allowed Newlin to determine that the alleged

assault took place in December 2013 or January 2014.  Nothing

asserted in Newlin's motion warrants any substantial

reconsideration of this court's prior determination that

Priestley stated claims upon which relief could be granted.

The cases involving dismissals of complaints Newlin cites

to support his motion are generally inapposite, as they deal

with complaints that are incoherent or not as specific as

Priestley's in other respects.[1]   Other cases cited by Newlin

arise in distinguishable procedural contexts, and thus provide

no support for the relief he seeks.   See, e.g., Harvey v. Maytag

Corp., 105 F. App'x 863, 868 (7th Cir. 2004) (affirming order

granting summary judgment, in part, because plaintiff's vague

recollections that workplace harassment continued after

defendants took steps to stop it, was not sufficient to survive

---

[1]See, e.g., Baculanta v. Baily, No. CV 12-08467-DMG (MAN),
2012 U.S. Dist. LEXIS 159948 at *5, 2012 WL 5456395 at *2 (C.D.
Cal. Nov. 7, 2012) (dismissing with leave to amend excessive
force claim and requiring plaintiff in amended complaint to set
forth "approximate date" of incident and location where it
occurred); Crawford v. Miami Cty. Comm'rs, No. 3:10cv00030,
2010 U.S. Dist. LEXIS 32721 at *14-*15 & *17, 2010 WL 1433456 at
*5 (S.D. Ohio Mar. 15, 2010) ("rambling and sometimes
incoherent" complaint with many "incomplete, incomprehensible
and/or seemingly delusional" contentions warranted order to show
cause "why the claim should not be dismissed for failure to
identify the medication and the date of the alleged
deprivation"), R&R adopted by 2010 U.S. Dist. LEXIS 32723, 2010
WL 1433453 (S.D. Ohio Apr. 2, 2010); Hecker v. McLaurin, No. 10
Civ. 524(PKC), 2010 U.S. Dist. LEXIS 114661 at *4, 2010 WL
4455848 at *1 (S.D.N.Y. Oct. 26, 2010) ("rambling and
unintelligible" complaint that was "vague, conclusory and devoid
of even the minimum facts necessary to state a claim upon which
relief can be granted" warranted dismissal); Santana v. Terry,
No. 90-3276-R, 1991 U.S. Dist. LEXIS 4584 at *1-*2, 1991 WL
50204 at *1 (D. Kan. Mar. 22, 1991) (dismissing complaint
without prejudice because of plaintiff's failure to comply with
court order "to amend his civil complaint to show the
approximate dates of the incidents alleged therein and to state
the relief sought," and because plaintiff had not exhausted
administrative remedies).

summary judgment); <u>Herbert v. Architect of Capitol</u>, 920 F. Supp.
2d 33, 40 (D.D.C. 2013) (setting forth reasons for granting
motion in limine, allowing defendant to present certain types of
evidence).  One case cited by Newlin undermines his argument, as
the court in that case denied, in pertinent part, a motion to
dismiss civil rights claims where the pleadings, "'construed so
as to do justice,'" set forth sufficient facts to satisfy the
notice pleading requirements of Rule 8, even though plaintiffs
had neither pleaded specific dates, nor described particular
incidents.  <u>Major Tours, Inc. v. Colorel</u>, 720 F. Supp. 2d 587,
605-606 (D.N.J. 2010) (quoting Fed. R. Civ. P. 8(e)).  In sum,
the pleadings here are more than adequate to make Newlin aware
of the claims he must defend against, even without pegging the
claimed assault to a specific date.  Accordingly, Newlin is not
entitled to judgment on the pleadings, and the district judge
should deny that motion (doc. no. 72).

### III.  **Baker and Duguay**

All claims against Baker and Duguay have been dismissed
from this case, without prejudice to plaintiff's ability to move
to amend the complaint to add sufficient allegations to state
claims against them.  <u>See</u> Oct. 7, 2014, Order (doc. no. 21).
Plaintiff has not filed such a motion.  The time allotted for
amendments to the pleadings has expired, and a trial is

scheduled for June 2016.  Accordingly, the district judge should direct that Baker and Duguay be dropped from this case.


## Conclusion

For the reasons detailed above, the district judge should:

(1) grant the CCDC's motion for summary judgment (doc. no. 59), and drop that party as a defendant;

(2) deny Newlin's motion for judgment on the pleadings (doc. no. 72); and

(3) drop Baker and Duguay from this case.


Any objection to this Report and Recommendation must be filed within 14 days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file an objection within the specified time waives the right to appeal the district court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).


_____
Andrea K. Johnstone
United States Magistrate Judge

April 28, 2016

cc:  Matthew L. Priestley, pro se
     John A. Curran, Esq.